IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH MICHAEL ARPAIO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-03366-RCL |
| KEVIN ROBILLARD | * | |
| and | * | |
| HUFFINGTON POST | * | |
| and | * | |
| TESSA STUART | * | |
| and | * | |
| ROLLING STONE | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO DISMISS

This Motion and Request for Hearing links to ECF No. 5 in this action, which is the Memorandum of Law in support of this Motion, filed on January 17, 2020. The Motion and Request for Hearing were inadvertently omitted from the document filed at ECF No. 5.

Defendants TheHuffingtonPost.com, Inc. ("HuffPost" erroneously sued as "Huffington Post") and Kevin Robillard (collectively, the "HuffPost Defendants") respectfully move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss with prejudice the Complaint of Joseph Michael Arpaio ("Arpaio" or "Plaintiff") for failure to state a claim. In an earlier, related case, this Court dismissed Arpaio's substantively identical claims with prejudice and without leave to amend. For that reason, Arpaio's claims in this second action are barred by the doctrines of res judicata and issue preclusion.

1

Arpaio's claims should also be dismissed on a number of additional, independent grounds.  First, they are all expired under the relevant statute of limitations.  Additionally, Arpaio's defamation claims are subject to dismissal for the independent reason that Arpaio did not—and cannot—adequately allege that the HuffPost Defendants published with the requisite degree of fault—*i.e.*, actual malice.  The defamation claims also fail based on the substantial truth doctrine.[1]  Arpaio's tortious interference and false light claims should also be dismissed as duplicative of the defamation claims, and for other independent reasons.

## REQUEST FOR HEARING

The HuffPost Defendants respectfully request a hearing on their Motion to Dismiss.

DATED:  January 22, 2020

---

[1] The Court rejected the HuffPost Defendants' substantial truth argument in Arpaio's prior case, but it is respectfully asserted to preserve the issue for the record.

Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (*Pro Hac Vice* Pending)
William T. Um (*Pro Hac Vice* Pending)
Elizabeth H. Baldridge (*Pro Hac Vice* Pending)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard*


**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2020, a copy of the foregoing Motion to Dismiss and Request for Hearing was electronically filed through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Larry E. Klayman
**FREEDOM WATCH, INC.**
202 Pennsylvania Avenue, NW
Suite 345
Washington, DC 20006
Telephone: (561) 558-5336
leklayman@gmail.com

*Attorneys for Plaintiff Joseph Michael Arpaio*

Alison Schary
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Telephone: (202) 973-4248
Facsimile: (202) 973-4499
alisonschary@dwt.com

Elizabeth A. McNamara
Rachel F. Strom
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Telephone: (212) 489-8230

*Attorneys for Defendants*
*Tessa Stuart & Rolling Stone*

<div align="right">

/s/ Elizabeth Baldridge
Elizabeth Baldridge
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
ebaldridge@jassyvick.com

*Attorneys for Defendants*
*TheHuffingtonPost.com, Inc. and Kevin Robillard*

</div>