**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH MICHAEL ARPAIO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-03366-RCL |
| KEVIN ROBILLARD | * | |
| and | * | |
| HUFFINGTON POST | * | |
| and | * | |
| TESSA STUART | * | |
| and | * | |
| ROLLING STONE | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**DEFENDANTS THEHUFFINGTONPOST.COM, INC. AND KEVIN ROBILLARD'S**
**MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

Pursuant to Federal Rules of Civil Procedure Rule 11, Defendants TheHuffingtonPost.com, Inc. (incorrectly sued as "Huffington Post") and Kevin Robillard (together, the "HuffPost Defendants") respectfully move for an order imposing sanctions against Plaintiff Joseph Michael Arpaio and his counsel, Larry E. Klayman, Esq., on the grounds that Plaintiff's Complaint is not warranted by existing law, and/or is unsupported by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. In addition, the Complaint is filed for an improper purpose.

As discussed more fully in the accompanying Memorandum of Law, Plaintiff's Complaint is barred in its entirety by the doctrines of *res judicata* and collateral estoppel, thus

meeting the objective standards under Rule 11 for an unwarranted and improper pleading. The HuffPost Defendants therefore respectfully request that the Court grant their Motion for Sanctions, dismiss Plaintiff's Complaint as an improper pleading, and award the HuffPost Defendants their costs and attorneys' fees incurred in having to respond to the Complaint, as well as any other sanctions the Court deems appropriate.

**REQUEST FOR HEARING**

The HuffPost Defendants respectfully request a hearing on their Motion for Sanctions Pursuant to Federal Rules of Civil Procedure Rule 11.

DATED: January 31, 2020

Respectfully submitted,

/s/ *Laura C. Fraher*

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth H. Baldridge (Admitted *Pro Hac Vice*)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

*Attorneys for Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH MICHAEL ARPAIO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-03366-RCL |
| KEVIN ROBILLARD | * | |
| and | * | |
| HUFFINGTON POST | * | |
| and | * | |
| TESSA STUART | * | |
| and | * | |
| ROLLING STONE | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE HUFFPOST DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

## A. INTRODUCTION

Plaintiff Joseph Michael Arpaio's ("Plaintiff's") Complaint completely disregards this Court's October 31, 2019 Order in *Arpaio v. Zucker, et al.* ("*Arpaio I*"), Case No. 1:18-cv-2894-RCL, Dkt. No. 55, dismissing Plaintiff's original complaint ("*Arpaio I* Compl.") based on the same underlying facts with prejudice and without leave to amend ("Dismissal Order"). Instead of respecting the Court's Dismissal Order and seeking appellate relief, if appropriate, or abandoning the case in the face of the dismissal, Plaintiff and his counsel filed this new Complaint ("*Arpaio II* Compl."), which amounts to an unpermitted amendment to the *Arpaio I* Complaint. This latest complaint is based on the identical allegations and theories dismissed in

*Arpaio I*. Plaintiff acknowledges that he filed this new complaint to try to "[cure] any perceived and alleged deficiencies" in his first case, and because the Court in *Arpaio I* rejected Plaintiff's request to amend the *Arpaio I* Complaint when the Court dismissed *Arpaio I* with prejudice. *Arpaio II* Compl., Dkt. No. 1, ¶ 53.

The doctrines of *res judicata* and collateral estoppel specifically prohibit this kind of conduct. If parties were allowed to re-file complaints based on the same facts and theories alleged in a previously-dismissed action by the court, litigants would have no ability to rely on the finality of the courts' adjudications and dismissals without leave to amend would be meaningless. Plaintiff's tactic here is unacceptable based on the most straightforward principles of federal civil procedure and should be deterred and disciplined. Under Rule 11, the Court should remedy Plaintiff's and his counsel's abuse of the legal system by dismissing Plaintiff's Complaint and awarding Kevin Robillard and TheHuffingtonPost.com, Inc. ("HuffPost") (together, the "HuffPost Defendants") their costs and attorneys' fees.

## B. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In this action, Plaintiff alleges that a HuffPost article and a Rolling Stone article give rise to claims for defamation, tortious interference with prospective business relations, and false light. *Arpaio II* Compl. ¶¶ 54-95. Plaintiff bases his latest Complaint on the same allegations and legal theories as those alleged in Plaintiff's complaint in *Arpaio I*.[1] With respect to the HuffPost Defendants, all claims in both the present case and *Arpaio I* stem from an article titled *Kyrsten Sinema Wants You To Know She's Not A Progressive*, which Plaintiff alleges was published on or about November 5, 2018. *See Arpaio II* Compl. ¶¶ 18-21; *Arpaio I* Compl., Dkt.

[1] *Arpaio I* also included claims against CNN and Chris Cuomo, which are not re-pled in the instant Complaint.

No. 1, ¶¶ 23-26. The allegations contained in paragraphs 18-21 of the *Arpaio II* Complaint and paragraphs 23-26 of the *Arpaio I* Complaint—which are the primary allegations pertaining to the HuffPost Defendants' article at issue—are copied almost verbatim.

Plaintiff filed *Arpaio I* on December 10, 2018. Shortly thereafter, the HuffPost Defendants filed a Rule 12(b)(6) motion, seeking to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. The Court held a hearing on that motion on July 25, 2019. After considering all of the briefs and oral argument, it dismissed *Arpaio I* with prejudice, explicitly rejecting Plaintiff's request to amend his complaint, and entered judgment for the HuffPost Defendants on October 31, 2019. The Court based its dismissal with respect to the HuffPost Defendants on its finding that Plaintiff had not met his constitutional burden to adequately plead actual malice, which is required to state the claims he asserted. Plaintiff has not filed a notice of appeal of the Court's decision in *Arpaio I*, and the deadline to do so has passed.

**C. RULE 11 STANDARD**

Federal Rules of Civil Procedure Rule 11 states that when a pleading or written motion is presented to the court, the attorney signing the document certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Rule 11 authorizes sanctions for violations of such certification—*i.e.*, where there is not a good faith basis for the pleading or other filing, and/or the pleading is made for an improper purpose. *See Rafferty v. NYNEX Corp.*, 60 F.3d 844, 852 (D.C. Cir. 1995). The D.C. Circuit has held that "once the district court finds that a pleading is not well grounded in fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law,

or is interposed for any improper purpose, Rule 11 *requires* that sanctions of some sort be imposed." *Id.* (emphasis in original).

Rule 11 sanctions serve a dual purpose to deter unacceptable litigation tactics and to streamline litigation by excluding baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392-393 (1990). "The certification standard for a party is an objective one of reasonableness under the circumstances." *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 534 (1991). Upon finding a violation of Rule 11, courts may in their discretion impose monetary and/or non-monetary sanctions, including dismissal of the action. *Hickey v. Scott*, 738 F. Supp. 2d 55, 73 (D.D.C. 2010); *Business Guides*, 498 U.S. at 554.

Rule 11 requires that a party moving for Rule 11 sanctions serve the sanctions motion at least twenty-one days prior to filing it with the court, providing a safe harbor window where the other party can withdraw the offending pleading or paper. Fed. R. Civ. P. 11(c)(2). Once that window has expired, the court can still impose sanctions even if the pleading at issue is ultimately withdrawn. *Cooter & Gell*, 496 U.S. at 395.

## D. ARGUMENT

### 1. The HuffPost Defendants Have Satisfied Rule 11's Safe Harbor Requirement.

The HuffPost Defendants served this Motion on January 6, 2020 – *i.e.*, more than twenty-one days prior to the HuffPost Defendants' planned filing date. Declaration of Elizabeth Baldridge ("Baldridge Decl."), ¶¶ 2-4.[2] As such, the HuffPost Defendants satisfied Rule 11's safe harbor requirement. If Plaintiff withdraws his Complaint after the HuffPost Defendants file

---

[2] As more fully set forth in the Baldridge Declaration, the HuffPost Defendants attempted service via overnight mail on January 3, 2020, which Plaintiff's counsel's office refused. Baldridge Decl., ¶¶ 2-3. Out of an abundance of caution for compliance with Rule 11, the HuffPost Defendants attempted service a second time, on January 6, 2020, via First Class Mail. *Id.* at ¶ 4.

this Motion, the Court should still impose sanctions to remedy Plaintiff's improper tactics and the harm he and his counsel caused the HuffPost Defendants, specifically having to respond to and defend against a frivolous and improper lawsuit. *See Cooter & Gell*, 496 U.S. at 395 ("district courts may enforce Rule 11 even after a plaintiff has filed a notice of dismissal").

**2. Plaintiff's Filing of a Complaint Alleging Identical Facts and Legal Theories as in a Previously Dismissed Lawsuit Meets Rule 11 Standards for Imposing Sanctions.**

Re-filing claims and allegations previously dismissed is unacceptable under the basic principles of *res judicata* and issue preclusion. Plaintiff's tactic of doing so here is a waste of the Court's and the parties' time and resources, and it meets two different grounds for imposing Rule 11 sanctions.

**a. Plaintiff's Conduct Violates Rule 11 Because Refiling Claims After Dismissal with Prejudice and Entry of Judgment Is Not Warranted by Existing Law or Any Nonfrivolous Argument.**

Plaintiff's Complaint is not warranted by existing law or any nonfrivolous argument because there is no legal support for filing a new pleading based on the same facts alleged in a previously-dismissed matter. Under the doctrine of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action." *Tembec Inc. v. U.S.*, 570 F. Supp. 2d 137, 140-141 (D.D. C. 2008) (quoting *Parklane Hoisery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979)). *Res judicata* is a vital concept in litigation because it "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate[,] protect[ing] their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 140. It applies where there is (1) a judgment on the merits in a prior suit; (2) involving the same parties; and (3) based on the same nucleus of facts. *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004).

Issue preclusion, also known as collateral estoppel, is a similar concept that protects the parties and the courts. It bars relitigation of: (1) identical issues; (2) raised and submitted for judicial determination in a prior case, and (3) which a court already actually and necessarily determined in the prior action. *See, e.g.*, *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007).

Both doctrines apply here. First, the Court's Dismissal Order in *Arpaio I* meets the requirement of a ruling on the merits for both *res judicata* and issue preclusion purposes because in the Dismissal Order, the Court actually and necessarily decided the issue of whether Plaintiff's causes of action—reasserted in this action—are subject to dismissal. The Dismissal Order is an order and final judgment, thus satisfying the final judgment requirement for purposes of *res judicata*.

Second, both doctrines apply because the parties, claims, and issues Plaintiff presents in *Arpaio II* are identical to those previously asserted—and adjudicated—in *Arpaio I*. Courts have held that *res judicata* applies to a later-filed action where the claims share a common nucleus of facts with claims in a previously adjudicated matter. *See Apotex*, 393 F.3d at 212. Issue preclusion need not involve the same facts as the previous action, but it prevents a plaintiff from reasserting issues in hopes of getting a better result. *See Yamaha Corp. of Am. v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992) ("once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit").

Here, Plaintiff impermissibly relitigates his claims following this Court's dismissal in *Arpaio I*. Plaintiff presents the identical issues the Court actually and necessarily decided in dismissing the first case with prejudice and without leave to amend. *Compare Arpaio II* Compl. ¶¶ 18-21 *with Arpaio I* Compl. ¶¶ 23-26. The two complaints are clearly based on the same

nucleus of facts. Indeed, the allegations are nearly verbatim between the two pleadings. *Id.* The claims in the two complaints stem from the same allegedly defamatory article, and the two complaints pinpoint the same allegedly harmful speech within the article. *Id.* Plaintiff seeks the exact same figure of damages in both complaints, *see Arpaio II* Compl. p. 18; *Arpaio I* Compl. p. 9, and asserts the same causes of action, *see Arpaio II* Compl. ¶¶ 54-95; *Arpaio I* Compl. ¶¶ 35-56. Indeed, Plaintiff acknowledges that he sought to amend his original complaint in *Arpaio I*, but the Court denied his request when it granted the HuffPost Defendants' Rule 12(b)(6) motion. *Arpaio II* Compl. ¶ 53. Plaintiff further acknowledges that this new Complaint was filed to try to do what this Court specifically prohibited, namely to try to cure any perceived and alleged deficiencies in the dismissed *Arpaio I* Complaint. *Id.* This blatant defiance of the finality of the Court's prior order is not supported by any existing law and is the precise type of conduct that Rule 11 was designed to deter. For these reasons, the *Arpaio II* Complaint easily meets each of the requirements for application of both *res judicata* and issue preclusion.

Courts specifically have held that reasserting claims after dismissal with prejudice, as Plaintiff has done here, or even repeating arguments that a court already has rejected, meets the standard for imposing Rule 11 sanctions. In *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1419 (D.D.C. 1985), the plaintiff's attempts to "keep th[e] action alive" after the case already had been dismissed warranted Rule 11 sanctions. *Id.* The court's opinion noted, "[i]t is especially appropriate to impose sanctions in situations where the doctrines of *res judicata* and collateral estoppel plainly preclude relitigation of the suit." *Id.* at 1417. Moreover, the court discussed the importance of Rule 11 sanctions as a remedy: "[t]he imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed." *Id.* Similarly, in *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 21

(D.D.C. 2004), the court imposed Rule 11 sanctions for "repeated and vexatious efforts to pursue allegations that the Court has ruled are barred by the statute of limitations, causing the Court and the defendant to unnecessarily expend resources on claims that counsel knew, or should have known, are non-justiciable."

Courts in other jurisdictions have agreed with the reasoning in *McLaughlin* and *Reynolds*, holding that Rule 11 sanctions are a fitting remedy to address the improper practice of re-filing identical claims or asserting issues that a court previously adjudicated. *See, e.g.*, *Welk v. GMAC Mortg., LLC*, 720 F.3d 736, 738 (8th Cir. 2013) (affirming district court's *sua sponte* imposition of sanctions where plaintiff reasserted issues previously decided); *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (imposing Rule 11 sanctions where "the complaint [w]as a 're-hash' of claims made in prior litigation"); *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 859 (7th Cir. 2001) (imposing Rule 11 sanctions "because[] whatever the possible merit of the suit, it should have been obvious to any lawyer that relief was barred on multiple grounds, including res judicata . . . So clear is this that we think it was unreasonable for the district court to deny relief under Rule 11").

The application of *res judicata* and issue preclusion could not be plainer in this case. It is therefore imperative that Plaintiff be deterred and prevented through the imposition of Rule 11 sanctions from continuing to relitigate a matter that this Court already has denied with prejudice.

**b. Plaintiff's Conduct Also Violates Rule 11 Because His Complaint Was Filed for an Improper Purpose.**

In addition to there being no legal support for Plaintiff's refiling of claims in this second action, Plaintiff's blatant disregard of the finality of the Court's entry of judgment in *Arpaio I* makes clear that Plaintiff must have filed this Complaint for an improper purpose: to continue to harass and to disrupt the business of Defendants by increasing the cost of litigation. Rule 11

sanctions are warranted "where a party reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a *deliberate decision* to ignore an opinion of the Court which is the controlling law of the case[.]" *Reynolds*, 357 F. Supp. 2d at 24 (emphasis added).

Here, Plaintiff's and his counsel's decision to re-file claims based on the same facts asserted in *Arpaio I*—and after trying to amend the original complaint and being denied leave to do so—reflects a deliberate decision, made for an improper purpose, for which sanctions are warranted and appropriate. *See also In re W.A.R. LLP*, 535 B.R. 1 (D.D.C. 2015) (noting that improper purpose for a pleading may be inferred under Rule 11 from repeated attempts to pursue a claim despite an adverse ruling).

**E. CONCLUSION**

Plaintiff's re-filing thus meets two separate grounds for Rule 11 sanctions: the pleading is objectively unsupportable under the law, and it was also filed for an improper purpose. The proper remedy for Plaintiff would have been to seek appellate relief, if appropriate, to challenge the Court's dismissal and entry of judgment in *Arpaio I*. What Plaintiff is not permitted to do however, is to reassert previously adjudicated claims in a "new" lawsuit.

The Court's order dismissing *Arpaio I* made it unmistakably clear that Plaintiff's claims based on the HuffPost Defendants' November 5, 2018 article are not viable. Plaintiff's filing of this "new" lawsuit improperly tries to amend his *Arpaio I* Complaint, which the Court rejected when it dismissed *Arpaio I* with prejudice.

Accordingly, the Court should sanction Plaintiff by dismissing Plaintiff's baseless pleading and awarding the HuffPost Defendants their costs and attorneys' fees. *See Business Guides*, 498 U.S. at 554 (affirming dismissal of action upon finding of Rule 11 violation).

Unless Plaintiff is sanctioned through one of the "few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed," Plaintiff will accomplish his goal of continuing to harass and attempt to silence the defendants in this action. *See McLaughlin*, 602 F. Supp.at 1417.

Dated: January 31, 2020

Respectfully submitted,

/s/ *Laura C. Fraher*

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth H. Baldridge (Admitted *Pro Hac Vice*)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

*Attorneys for Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH MICHAEL ARPAIO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-03366-RCL |
| KEVIN ROBILLARD | * | |
| and | * | |
| HUFFINGTON POST | * | |
| and | * | |
| TESSA STUART | * | |
| and | * | |
| ROLLING STONE | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**DECLARATION OF ELIZABETH BALDRIDGE**

I, Elizabeth Baldridge, hereby declare:

1. I am an attorney admitted to practice in the State of California and admitted to practice *pro hac vice* before this Court. I am an associate of Jassy Vick Carolan LLP and counsel of record for Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard (collectively "the HuffPost Defendants") in the above-entitled action. The following facts are true of my own personal knowledge.

2. On January 3, 2020, my office served the HuffPost Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 by overnight mail via Federal Express on

Plaintiff's counsel, Larry E. Klayman, Esq. The HuffPost Defendants served the Motion along with a letter specifying the twenty-one-day safe harbor period under Rule 11, and indicating the HuffPost Defendants' planned filing date of January 28, 2020, for the Motion. The mailing label indicated that the contents included "Motion for Sanctions."

3. On January 6, 2020, my office received a notice from Federal Express that Plaintiff's counsel's office had refused to accept receipt of the Motion for Sanctions service copy. As a result, on January 6, 2020, we served Plaintiff's counsel with a copy of the Motion for Sanctions via First Class Mail.

4. Out of an abundance of caution for compliance with Rule 11, based on Plaintiff's counsel's refusal of the initial service attempt, the HuffPost Defendants recalculated its filing date to January 31, 2020, based on service by First Class Mail on January 6, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles, California, this 31st day of January, 2020.

DATED: January 31, 2020

Respectfully submitted,

/s/ *Elizabeth Baldridge*

Elizabeth Baldridge
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
ebaldridge@jassyvick.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2020, a copy of the foregoing Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 was electronically filed through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Larry E. Klayman
**FREEDOM WATCH, INC..**
202 Pennsylvania Avenue, NW
Suite 345
Washington, DC 20006
Telephone: (561) 558-5336
leklayman@gmail.com

*Attorneys for Plaintiff Joseph Michael Arpaio*

Alison Schary
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Telephone: (202) 973-4248
Facsimile: (202) 973-4499
alisonschary@dwt.com

Elizabeth A. McNamara
Rachel F. Strom
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Telephone: (212) 489-8230

*Attorneys for Defendants*
*Tessa Stuart & Rolling Stone*

/s/ Elizabeth Baldridge
Elizabeth Baldridge

**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
ebaldridge@jassyvick.com

*Attorneys for Defendants*
*TheHuffingtonPost.com, Inc. and Kevin Robillard*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH MICHAEL ARPAIO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-03366-RCL |
| KEVIN ROBILLARD | * | |
| and | * | |
| HUFFINGTON POST | * | |
| and | * | |
| TESSA STUART | * | |
| and | * | |
| ROLLING STONE | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**PROPOSED ORDER**

Upon consideration of the Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 brought by Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard, it is hereby ORDERED that the motion is GRANTED. Plaintiff Joseph Michael Arpaio's Complaint against Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard is dismissed with prejudice and without leave to amend, and TheHuffingtonPost.com, Inc. and Kevin Robillard are awarded their reasonable attorneys' fees and costs upon a showing of the amounts incurred.

Dated this ______ day of _____________ 2020.

________________________________________

ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE