## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH MICHAEL ARPAIO,** | |
| **Plaintiff,** | |
| **v.** | **ORAL ARGUMENT REQUESTED** |
| **KEVIN ROBILLARD,** | |
| **and** | **Civil Action No. 1:19-cv-03366- RCL** |
| **HUFFINGTON POST,** | |
| **and** | |
| **TESSA STUART,** | |
| **and** | |
| **ROLLING STONE,** | |
| **Defendants.** | |

### PLAINTIFF SHERIFF ARPAIO AND HIS COUNSEL'S OPPOSITION TO DEFENDANTS THE HUFFINGTONPOST.COM, INC. AND KEVIN ROBILLARD'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Plaintiff Joseph Michael Arpaio ("Plaintiff Arpaio") and counsel, by and through undersigned counsel of record, respectfully submit this Memorandum of Law in Opposition to the Huffington Post Defendants' (hereinafter referred to as the "HuffPo Defendants") Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Rule 11") and in support thereof set forth as follows:

### I.    INTRODUCTION

The HuffPo Defendants' Motion [Dkt. # 24] should be denied as a matter of law. Plaintiff Arpaio's case is not barred by *res judicata* and even if it were – which it is not – Plaintiff Arpaio and his counsel at all times acted in good faith. *Res judicata* only bars claims where a plaintiff had a full and fair opportunity to litigate his or her issues. Plaintiff Arpaio

respectfully submits that he did not have a fair opportunity to litigate his claims because the Court dismissed his case with prejudice without leave to amend to cure any alleged pleading deficiency in his Complaint.

In light of the HuffPo Defendants' Motion's lack of merit and improper purpose, its denial should be compounded by a corresponding levy of actions and costs against the HuffPo Defendants. Defendants used the filing of the instant Motion not as a means to filter frivolous claims but as a bullying tactic intended to intimidate Plaintiff Arpaio into withdrawing legitimate claims in an evolving area of law concerning pleading actual malice. The HuffPo Defendants have already published false and defamatory statements about Plaintiff Arpaio and their Motion is meant to be simply a distraction from their liability. Now they want to add insult to already existing injury, which indeed the Court found. This misuse of Rule 11 is in and of itself sanctionable. *See E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.").

Indeed, the Advisory Committee notes point out that Rule 11 should not be used "to emphasize the merits of a party's position, to exact an unjust settlement, [or] to intimidate an adversary into withdrawing contentions that are fairly debatable." *See Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida*, 827 F.2d 1454, 1458 (11th Cir. 1987) (affirming the denial of sanctions where the issues were fairly debatable and not easily resolved). Plaintiff Arpaio and his counsel have made more than an adequate showing that the facts and relevant law support his claims, thereby further clarifying the frivolity of Defendants' Motion.

## II.   FACTUAL BACKGROUND

On December 18, 2018, Plaintiff Arpaio filed suit against Jeff Zucker, Chris Cuomo, Cable News Network ("CNN"), Kevin Robillard, Huffington Post, Tessa Stuart and Rolling Stone for defamation per se, tortious interference with prospective business relations and false light. *See Arpaio v. Zucker, et al.*, 18-cv-02894 (*Arpaio I*). During oral argument on July 25, 2019, the Court noted that it had "problems" figuring out how a plaintiff ever makes sufficient allegations concerning actual malice because "how does a plaintiff ever get in the head of someone to show intent?" *See* [Dkt. # 27, Ex.1]. Undersigned counsel told the Court that the Complaint could be amended to include more specificity concerning actual malice. *Id*. But, the Court inexplicably dismissed the case with prejudice while acknowledging that what the HuffPo Defendants published about Plaintiff Arpaio was not substantially true and that the false statements in fact damaged him.

On November 7, 2019, Plaintiff Arpaio filed the instant case dropping three defendants from *Arpaio I*, adding two causes of action and detailing with excruciating specificity how and why the HuffPo Defendants acted with actual malice when they published their false statements of fact that were not privileged and have been found by this Court to be not substantially true.

III.    **ARGUMENT**

   A.    **This Honorable Court Erred by Dismissing *Arpaio I* With Prejudice.**

By dismissing *Arpaio I* with prejudice, the Court – which Plaintiff and his counsel both greatly respect – created a conundrum. Indeed, the Court should not have dismissed the case in the first instance but at worst, it should have dismissed it with leave to amend or without prejudice. Plaintiff Arpaio respectfully submits that it was an abuse of discretion for this honorable Court to dismiss *Arpaio I* with prejudice.

Courts generally dismiss cases with prejudice when a party or counsel acted in bad faith

or when amending the complaint would be futile because a deficiency cannot be cured. Indeed, "dismissal with prejudice is warranted only when a district court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Jung v. Ass'n of Am. Med. Colleges*, 184 Fed. Appx. 9, 12 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)). In *Firestone v. Firestone*, the court noted that when a plaintiff fails to plead fraud with particularity, for example, dismissal with prejudice is an abuse of discretion. *Id*. In *Cohen v. Bd, of Trs. of the Univ. of D.C.*, 819 F.3d 476 (D.C. Cir. 2016), a plaintiff failed to timely file an opposition to a motion to dismiss and the court dismissed the case with prejudice. But, the appellate court reversed, finding that dismissal with prejudice was an abuse of discretion because plaintiff attempted to remedy the error by filing a late response and by filing an amended complaint. *Id*. at 483-84.

Here, Plaintiff Arpaio cured the alleged deficiencies in *Arpaio I* by pleading with excruciating specificity how and why the HuffPo Defendants acted with actual malice and even included past articles written by the same Defendants which contradict their false statements sued upon here. Compl. at ¶ 36. The Court noted, "[l]ater corrections or even apologies of untruths rarely correct the original harm caused." *Id*. at ¶ 52. Plaintiff Arpaio submits that the Court left the door open to file a new case with more specificity concerning actual malice.

**B.**     **Because Plaintiff Arpaio's Claims Have A Basis In Law And Fact, Defendants' Rule 11 Motion Is Without Merit.**

     **1.**     **Plaintiff Arpaio's Claims Are Not Barred by *Res Judicata* Because He Was Not Given a Full and Fair Opportunity to Litigate His Claims.**

The doctrine of *res judicata* protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). It bars litigation in a subsequent action of claims that could

have been asserted in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Courts in the District of Columbia generally prohibit the relitigation of issues previously determined where "(1) the issue was actually litigated; (2) it was determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties; and (4) under circumstances where the determination was essential to the judgment." *DeWitt v. District of Columbia*, 43 A.3d 291, 300 (D.C. 2012).

"Even when a D.C. court has previously rendered a final judgment with respect to an essential issue, it must also be established that the prior litigation involved the same parties as in the new case, and that those parties previously had a 'full and fair opportunity' to litigate the issue in order for that prior determination to have preclusive effect under District of Columbia law." *Brewer v. District of Columbia*, 105 F. Supp. 3d 74, 89 (D.D.C. 2015) (quoting *Dewitt*, 43 A.3d at 300)). In *Brewer*, the court discussed the "full and fair opportunity" requirement and noted that when a party was given this full and fair opportunity, he or she had an opportunity "to present witnesses, introduce exhibits, challenge contrary evidence, make statements, and receive a determination of the facts and the law. *Id*. at 90.

Here, *res judicata* does not apply because it only bars claims that could have been brought before. *Owens*, 244 F.3d at 713. When the Court mistakenly dismissed the case with prejudice while acknowledging that sufficiently pleading actual malice is daunting, Plaintiff Arpaio was not given the chance to put his best foot forward, so to speak. Because of the dismissal with prejudice and not allowing Plaintiff Arpaio to amend his original complaint, in no way was he afforded a "full and fair opportunity" to litigate his claims. Not only was he not allowed to "present witnesses, introduce exhibits" and other opportunities, he was not even allowed to amend his complaint. Therefore, Sheriff Arpaio was not afforded a full and fair

opportunity to litigate the issues in *Arpaio I* and his claims here are not barred by *res judicata*.

### 2.    Plaintiff Arpaio's Causes of Action Are Legitimate.

In both Plaintiff Arpaio's Opposition to the Huffington Post Defendants' Motion to Dismiss [Dkt. # 27] and his Opposition to the Rolling Stone Defendants' Motion to Dismiss [Dkt. # 28], Plaintiff Arpaio demonstrates that his causes of action are viable, legitimate claims. There is no need to repeat the elements of defamation and the other issues here other than to say that the Court already ruled that the HuffPo Defendants' false statement was not substantially true and that in fact Plaintiff Arpaio had been damaged. *See* Compl. at ¶ 50, 52.

### C.    The Cases Cited by Defendants Are Distinguishable.

The two main cases the HuffPo Defendants cite to in an effort to bolster their erroneous position are easily distinguishable. In *McLaughlin v. Bradlee*, 602 F. Supp. 1412 (D.D.C. 1985), the HuffPo Defendants intentionally omit the relevant facts that the court there had *already* dismissed the lawyer's action based on *res judicata* and actually warned the lawyer that it would impose sanctions if the lawyer brought more motions. *Id*. at 1419. It was only after the court warned the lawyer it would sanction him if he brought more motions was he actually sanctioned.

Here, this Court did not dismiss *Arpaio I* based on *res judicata* and clearly did not threaten Plaintiff Arpaio or undersigned counsel with sanctions. In fact, quite the contrary; the Court admonished, if not scolded, the HuffPo Defendants: "[n]othing in this opinion should be understood to be an endorsement of defendants' errors. The Court is especially bothered by the conduct of the Rolling Stone and HuffPost defendants, whose errors were not even substantially true." Compl. at ¶ 52.

Similarly, in *Reynolds v. U.S. Capitol Police Bd*., 357 F. Supp. 2d 19 (D.D.C. 2004), the plaintiff filed suit for discrimination on the basis of race, gender disability. The court granted

defendants' summary judgment motion because it held that plaintiff failed to timely exhaust administrative remedies. *Id*. at 21. The plaintiff subsequently filed a motion for reconsideration, which was readily denied. The plaintiff then appealed to the D.C. Circuit. While the case pended in the appellate court, plaintiff filed a second suit, naming the exact same defendants with the same causes of action. That too was dismissed for the same reason as the first case: the plaintiff failed to exhaust administrative remedies. The attorneys then sought to amend a complaint in an unrelated matter against the same defendant, repeating the same allegations. *Id*. at 22-23. It was only then did the court sanction the plaintiff and his attorneys after their "repeated and vexatious efforts" to pursue the same allegations that were rejected four times.

Here, Plaintiff Arpaio and his counsel's efforts are not repeated or vexatious. First, Plaintiff Arpaio argues that his claims are not barred by *res judicata* because in order for it to have a preclusive effect, a plaintiff must have been afforded a full and fair opportunity to litigate his claims. And second, respectfully, the Court created the dilemma by acknowledging that the HuffPo Defendants' so-called errors were not substantially true and indeed damaging yet denying *Arpaio I* with prejudice without allowing an amendment. In any event, even if the Court rules that the instant case is barred by *res judicata* – which Plaintiff Arpaio submits it is not – Plaintiff Arpaio and his counsel's zealous pursuit of legitimate claims does not come close to rising to the level of sanctionable conduct.

### D.    Defendants' Rule 11 Motion Was Filed For An Improper Purpose.

Defendants' Motion fails not only for its lack of merit but it also violates the ethical underpinnings of Rule 11. Rule 11 imposes a duty on the party seeking sanctions to be circumspect in pursuing such a drastic remedy and not to use the drastic device for an improper purpose lest it may discourage expansion of the law through creative legal theories. "Rule 11 is

not meant to chill advocacy or in any way stymie the freedom to litigate creatively and vigorously[.]" *Indep. Fed. Sav. Bank v. Bender*, 230 F.R.D. 11, n. 12 (D.D.C. 2005) (quoting *Trout v. Garrett*, 780 F. Supp. 1396, 1429 (D.D.C. 1991); *see Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (Rule 11 "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories."); *Bd. of Trs .v. Quinones*, 543 B.R. 638, 650 (Bankr. N.D. Cal. 2015) (a party should not be found in violation of Rule 11 for espousing a position that is later determined unmeritorious). For this reason, the making of a frivolous Rule 11 motion can itself result in sanctions against the movant. *See* Advisory Committee Note 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

According to the Advisory Committee Notes, an improper purpose would include any effort "to emphasize the merits of a party's position, to exact an unjust settlement, [or] to intimidate an adversary into withdrawing contentions that are fairly debatable."

In this case, the HuffPo Defendants maliciously defamed Plaintiff Arpaio and have not relented, not less apologized, since. The HuffPo Defendants are not using Rule 11 for its intended purpose (*i.e.*, to deter patently frivolous claims) but rather as a mace to give emphasis to their own arguments and to intimidate Plaintiff Arpaio into withdrawing his legitimate claims. Such abuse of process should not be tolerated. Accordingly, because Defendants' Motion is itself frivolous and was filed for malicious and improper purposes, Plaintiff Arpaio seeks costs and sanctions for having to defend it, and the Court should respectfully order them, *sua sponte* and as a matter of its own inherent authority.

## IV.    CONCLUSION

For the foregoing reasons, the HuffPo Defendants' Rule 11 motion should be denied.

Moreover, because the motion itself is frivolous and brought for an improper and malicious purpose, the HuffPo Defendants should be subject to sanctions and costs.

Dated: February 24, 2020                              Respectfully submitted,

                                                     */s/ Larry Klayman*
                                                     Larry Klayman, Esq.
                                                     D.C. Bar No. 334581
                                                     Chairman and General Counsel
                                                     FREEDOM WATCH, INC.
                                                     2020 Pennsylvania Ave. N.W.
                                                     Suite 345
                                                     Washington, DC 20006
                                                     Tel: (561) 558-5336
                                                     Email: leklayman@gmail.com

                                                     *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February 2020, a true and copy of the foregoing was filed and served by electronic filing upon counsel listed on the Notice of Electronic Filing:

Alison Schary
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
Telephone: (202) 973-4248
Facsimile: (202) 973-4499
alisonschary@dwt.com

Elizabeth A. McNamara
Rachel F. Strom
DAVIS WRIGHT TREMAINE, LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Telephone: (212) 489-8230

*Attorneys for Defendants Tessa Stuart & Rolling Stone*

Elizabeth Baldridge
JASSY VICK CAROLAN, LLP
800 Wilshire Boulevard
Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
ebaldridge@jassyvick.com

*Attorneys for Defendants TheHuffingtonPost.com, Inc. and Kevin Robillard*

*/s/ Larry Klayman*
Larry Klayman