# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

JOSEPH MICHAEL ARPAIO,

                Plaintiff,

v.

KEVIN ROBILLARD, HUFFINGTON POST, TESSA STUART, and ROLLING STONE,

                Defendants.

Civil Action No. 1:19-cv-03366-RCL

---

## REPLY MEMORANDUM IN FURTHER SUPPORT OF
## THE ROLLING STONE DEFENDANTS' MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
Alison Schary
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
Telephone:     (202) 973-4248
Facsimile:     (202) 973-4499
Email:         alisonschary@dwt.com

Elizabeth A. McNamara (*pro hac vice* pending)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone:     (212) 489-8230
Facsimile:     (212) 489-8340
Email:         lizmcnamara@dwt.com

*Counsel for Defendants Rolling Stone LLC and Tessa Stuart*

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT.................................................................................................................. 2

    A. *Res Judicata* Bars This Action As a Matter of Law ............................................. 2

    B. Although the Court Need Not Even Reach the Merits of Plaintiff's New Complaint, His Claims Still Fail as a Matter of Law............................................... 4

        1. Plaintiff Fails to Plausibly Plead Actual Malice ......................................... 4

        2. The Reference to Plaintiff as an "Ex-Felon" Is Substantially True ............ 7

        3. Plaintiff's Tag-Along Claims Cannot Survive........................................... 8

III. CONCLUSION............................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. McCurry*,
   449 U.S. 90 (1980) .................................................................................................................3

*American Postal Workers Union, AFL-CIO v. U.S. Postal Services*,
   830 F.2d 294 (D.C. Cir. 1987) ................................................................................................6

*Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*,
   569 F.3d 485 (D.C. Cir. 2009) ................................................................................................2

*Carr v. Sessions*,
   No. CV 18-356 (RC), 2019 WL 917651 (D.D.C. Feb. 25, 2019), *aff'd sub
   nom. Carr v. Barr*, No. 19-5077, 2019 WL 5394634 (D.C. Cir. Oct. 3, 2019),
   *cert. denied*, No. 19-818 2020 WL 871784 (Feb. 24, 2020) ..................................................3

*DCFS USA, LLC v. D.C.*,
   820 F. Supp. 2d 1 (D.D.C. 2011), *aff'd*, No. 12-7073, 2013 WL 500820 (D.C.
   Cir. Jan. 17, 2013) ...................................................................................................................4

*Fairbanks v. Roller*,
   314 F. Supp. 3d 85 (D.D.C. 2018) ......................................................................................6, 7

*Farah v. Esquire Magazine*,
   736 F.3d 528 (D.C. Cir. 2013) ................................................................................................8

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981) ...............................................................................................................3

*Haase v. Sessions*,
   835 F.2d 902 (D.C. Cir. 1987) ................................................................................................3

*Ham v. D.C.*,
   No. 16-cv-1720, 2017 WL 1628872 (D.D.C. May 1, 2017) ..................................................2

*Hoffman v. Wash. Post Co.*,
   433 F. Supp. 600 (D.D.C. 1977), *aff'd*, 578 F.2d 442 (D.C. Cir. 1978) ................................6

*Logan v. D.C.*,
   447 F. Supp. 1328 (D.D.C. 1978) ..........................................................................................6

*Lohrenz v. Donnelly*,
   223 F. Supp. 2d 25 (D.D.C. 2002), *aff'd*, 350 F.3d 1272 (D.C. Cir. 2003) .......................5, 7

*McBride v. Merrell Dow & Pharm. Inc.*,
    717 F.2d 1460 (D.C. Cir. 1983) ............................................................................................. 6

*Mervin v. F.T.C.*,
    591 F.2d 821 (D.C. Cir. 1978) ............................................................................................... 3

*New York Times Co. v. Sullivan*,
    376 U.S. 254 (1964) ........................................................................................................... 5, 7

*NRDC v. Thomas*,
    838 F.2d 1224 (D.C. Cir. 1988) ............................................................................................. 3

*St. Amant v. Thompson*,
    390 U.S. 727 (1968) ............................................................................................................... 6

*Tavoulareas v. Piro*,
    817 F.2d 762 (D.C. Cir. 1987) ............................................................................................... 6

*UMC Dev., LLC v. D.C.*,
    401 F. Supp. 3d 140 (D.D.C. 2019) .................................................................................... 2, 4

**Rules**

Fed. R. App. P. 4 ......................................................................................................................... 1

Fed. R. Civ. P. 59 ......................................................................................................................... 1

## I. INTRODUCTION

As the Rolling Stone Defendants established in their motion (ECF No. 12, hereinafter "Mot."), this action presents a textbook case of *res judicata*: after his prior lawsuit was dismissed with prejudice by this Court, Arpaio filed a new suit alleging the same claims, over the same Rolling Stone article, against the same Rolling Stone Defendants. Arpaio's Opposition ("Opp.") does not offer a single legal argument to explain how *res judicata* does not clearly bar this action. Simply put, Arpaio is not entitled to a "do-over" because he disagrees with the Court's previous dismissal with prejudice. The Federal Rules are clear: If Arpaio wanted to move to alter or amend the judgment of dismissal with prejudice, he was required to do so within 28 days from its entry. Fed. R. Civ. P. 59(e). He chose not to seek that relief. Alternatively, if he believed that the Court's decision was incorrect as a matter of law, he could have noticed an appeal to the D.C. Circuit. Arpaio chose not to file an appeal, and his time to do so has long since expired. Fed. R. App. P. 4(a)(1)(A), (a)(5), (a)(6). It goes without saying that Arpaio's denigration of the D.C. Circuit as a "very liberal forum" that would not be "favorably disposed" toward him, or his complaint that an appeal would be "costly," do not in any way change the conclusion that this duplicative action is barred by *res judicata.* Opp. at 3.[1]

Because this suit is plainly barred by *res judicata*, this Court need not even consider the substance of Arpaio's arguments as to why it should not be dismissed again with prejudice. Even if entertained, Arpaio's Opposition offers no basis to avoid dismissal. Indeed, despite his insistence that this suit is somehow factually distinct from *Arpaio I*, this conclusion is belied by the fact that nearly the entirety of Arpaio's opposition brief here is copied and pasted **verbatim**

---

[1] Indeed, Arpaio has imposed significant costs on the Rolling Stone Defendants by bringing this duplicative second action in direct violation of well-established law, and requiring them to brief and file yet another motion to dismiss.

from his opposition briefs in *Arpaio I*.  Compare Opp. at 3-9, 21-25 *with Arpaio I*, ECF No. 42 and Opp. at 9, 12-16, 20-21 *with Arpaio I*, ECF No. 40 at 6-13.  The Court already rejected Arpaio's arguments the first time, and should do so again.

## II.     ARGUMENT

### A.     *Res Judicata* Bars This Action As a Matter of Law

The Rolling Stone Defendants established in their motion that *res judicata* bars this action.  Mot. at 4-5.  The doctrine prevents exactly the type of gamesmanship that Arpaio is engaging in here: bringing seriatim lawsuits against the same party and over the same set of facts, simply because he disagreed with the verdict the first time around.  "[Plaintiffs] may not subject the defendants and the courts to endless rounds of litigation simply because they are dissatisfied with the first decision they received."  *UMC Dev., LLC v. D.C.*, 401 F. Supp. 3d 140, 157 (D.D.C. 2019).  *See also Ham v. D.C.*, No. 16-cv-1720, 2017 WL 1628872, at *2 (D.D.C. May 1, 2017) ("[U]nsuccessful litigants are not allowed a do-over; once they have litigated a claim to final judgment before a court of competent jurisdiction, the claim is resolved and that is the end of the matter.").

*Res judicata* bars a subsequent lawsuit where "there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."  *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009).  All of these elements clearly apply: Arpaio asserts the same claims (defamation, tortious interference, and false light), over the same nucleus of facts (publication of the Rolling Stone Article at issue, and specifically the use of the phrase "ex-felon" to refer to

Arpaio), against the same defendants (the Rolling Stone Defendants), despite this Court's dismissal of his first suit with prejudice.[2]

Arpaio halfheartedly asserts that *res judicata* should not apply because he dropped his claims against a different defendant (CNN) over a different publication in this second suit; because he has titled his defamation claim duplicatively as also a claim for "general defamation" and "defamation by implication"; and because he has now added additional factual allegations to try to bolster his failed actual malice pleading in this new complaint. Opp. at 3. He cites no law to support his position that any of these revisions would avoid *res judicata*, and none exists. That Arpaio now chooses to add or drop other claims against other defendants (which arguably should not even have been joined into a single action in the first instance), or to plead his allegations using slightly different language, makes no difference whatsoever. *Res judicata* "bars relitigation not only of matters determined in a previous litigation but also ones that a party could have raised" the first time. *NRDC v. Thomas,* 838 F.2d 1224, 1252 (D.C. Cir. 1988). *See also Allen v. McCurry,* 449 U.S. 90, 94 (1980) (under *res judicata*, "a final judgment on the

---

[2] In his separately filed response to the Huffington Post Defendants' Motion for Sanctions, Arpaio appears to make the argument that *res judicata* should not apply because his claims were dismissed on a Rule 12 motion, before he could conduct discovery and take his claims to trial. *See* ECF No. 29 at 4-6. There is no support for this novel legal theory. To the contrary, it is black-letter law that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for *res judicata* purposes. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). *See also, e.g., Carr v. Sessions*, No. CV 18-356 (RC), 2019 WL 917651, at *4 (D.D.C. Feb. 25, 2019) ("it is well-established that dismissal with prejudice pursuant to a 12(b)(6) motion constitutes a final judgment" for *res judicata*), *aff'd sub nom. Carr v. Barr*, No. 19-5077, 2019 WL 5394634 (D.C. Cir. Oct. 3, 2019), *cert. denied*, No. 19-818 2020 WL 871784 (Feb. 24, 2020); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (dismissal pursuant to Rule 12(b)(6) "presents a ruling on the merits with res judicata effect"). *Mervin v. F.T.C.*, 591 F.2d 821, 831 (D.C. Cir. 1978) (Rule 12(b)(6) dismissal "is an adjudication on the merits having full [r]es judicata effect").

merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").

To the contrary, what Arpaio is describing is simply an amended complaint – and indeed, the closest he comes to making a legal argument on this issue in his Opposition is to complain that this Court should have permitted him to amend his complaint in *Arpaio I*, and he requests that as an alternative to denying the Defendants' motion, this Court should "reopen the prior case [*Arpaio I*] and allow for the complaint to be amended and the case then to proceed to discovery." Opp. at 4, 25.  That ship has long since sailed.  Arpaio never made a motion to amend his complaint in *Arpaio I*; and if he wanted to challenge the Court's dismissal with prejudice on the grounds that amendment should have been granted *sua sponte* by the Court, his remedy under the Federal Rules was to file a motion to alter or amend the judgment, or to appeal from it.  Having taken none of these actions, his second action is squarely barred by *res judicata*. *See, e.g., UMC Dev., LLC*, 401 F. Supp. at 157 (holding that *res judicata* barred successive action notwithstanding plaintiffs' argument that they did not have an opportunity to amend their complaint or develop a factual record the first time around, noting that plaintiffs' "own litigation strategy is largely to blame for their … concerns"); *DCFS USA, LLC v. D.C.*, 820 F. Supp. 2d 1, 3 (D.D.C. 2011) (Rule 12 dismissal is a "final judgment on the merits" with res judicata effect; "[t]he remedy for an adverse decision is an appeal, not a new lawsuit."), *aff'd*, No. 12-7073, 2013 WL 500820 (D.C. Cir. Jan. 17, 2013).

**B.    Although the Court Need Not Even Reach the Merits of Plaintiff's New Complaint, His Claims Still Fail as a Matter of Law**

   **1.    Plaintiff Fails to Plausibly Plead Actual Malice**

As noted above, Arpaio's Opposition is almost entirely cut and pasted from his opposition brief in *Arpaio I*.  The only new sections are a bullet point list of his supplemental

alleged "facts" in support of actual malice (Opp. at 9-12), and several pages of argument claiming it is irrelevant to the actual malice inquiry that the Rolling Stone Defendants promptly added a correction removing the phrase "ex-felon" and noting that Arpaio's conviction was a misdemeanor. Even if *res judicata* did not bar this suit in its entirety – and it plainly does – Arpaio still cannot state a claim for relief for the same reason the Court previously dismissed this action: he fails to plausibly plead actual malice, which is a necessary element of all of his claims.

As set forth in the Rolling Stone Defendants' motion, none of Arpaio's additional "facts" support a plausible allegation of actual malice. Mot. at 6-9. Indeed, the vast majority of these allegations are nothing more than variations on the same theme already squarely rejected by this Court: that the Rolling Stone Defendants' alleged personal and political biases somehow inform and support a finding of actual malice. As this Court already found:

> Even assuming the alleged "leftist enmity" is real, the motivations behind defendants' communications—inspired by political differences or otherwise—do not impact whether defendants acted with actual malice as a matter of law. … The Court will not pry open the gates of discovery just because Mr. Arpaio believes the erroneous communications were motivated by differences in political opinions. Doing so would run afoul of the Supreme Court's landmark ruling in *New York Times Co. v. Sullivan*. *See* 376 U.S. at 271-72 (noting that errors are inevitable when there is free debate and that they too must be protected to give breathing room to those exercising their freedom of expression). Allegations of "leftist enmity" cannot trump the guarantees of the First Amendment.

*Arpaio I* Opinion at 9-10.

Beyond simply listing the allegations in his new complaint and duplicating his previously rejected arguments from *Arpaio I*, Arpaio does not respond to, let alone rebut, any of the cases cited or legal arguments made in the Rolling Stone Defendants' motion. Simply put, allegations of political bias or "ill will" are not sufficient to support a finding of actual malice. *Arpaio I* Opinion at 9-10; *see also Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 46-48 (D.D.C. 2002) (evidence of media defendant's "adversarial stance" and "pre-existing agenda" are "not

indicative of actual malice"), *aff'd*, 350 F.3d 1272 (D.C. Cir. 2003); *Tavoulareas v. Piro*, 817 F.2d 762, 795 (D.C. Cir. 1987) ("[i]t is settled that ill will toward the plaintiff or bad motives are not elements of actual malice"); *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 92 (D.D.C. 2018) (allegation that defendant journalist had a "motive to smear [plaintiff's] reputation" did not "come[] close to satisfying" actual malice standard). Nor does an alleged failure to "investigate" further or seek "comment" from Arpaio constitute actual malice. *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). *See also* Mot. at 7-8 (collecting cases). Nor does the mere existence of a previous Rolling Stone article that referred to Arpaio's conviction as a "misdemeanor" create a plausible allegation of actual malice as multiple courts have previously found. *See id*. at 8-9. Arpaio does not attempt to distinguish these cases, nor does he cite any binding or persuasive authority tending to support his position.

Further, the Rolling Stone Defendants' prompt correction only underscores the lack of actual malice – and in particular, the lack of any plausibility to Arpaio's conspiracy theory that a fleeting inaccuracy must be evidence of a deliberate campaign by Rolling Stone to "muckrake" and "smear" him. *See Hoffman v. Wash. Post Co.*, 433 F. Supp. 600, 605 (D.D.C. 1977) (prompt correction "is significant and tends to negate any inference of actual malice"), *aff'd*, 578 F.2d 442 (D.C. Cir. 1978); *Logan v. D.C.*, 447 F. Supp. 1328, 1332 (D.D.C. 1978) (same).

None of the cases Arpaio cites are to the contrary. In *McBride v. Merrell Dow & Pharm. Inc.*, 717 F.2d 1460, 1465 (D.C. Cir. 1983), the court declined to "indicate any view" whether a correction might have "remove[d] any defamatory implication from the statement"; it said nothing whatsover about the impact of a retraction on whether a plaintiff can demonstrate actual malice, much less provides any affirmative support for Arpaio's position. *American Postal Workers Union, AFL-CIO v. U.S. Postal Services*, 830 F.2d 294 (D.C. Cir. 1987), is not even a

6

defamation case, much less an actual malice case – and Arpaio fails to disclose that he is quoting language from the *dissent* in that case, while erroneously characterizing it as a statement of "District of Columbia law." And the remainder of the cases Arpaio cites – all of which are state cases outside D.C. – either *support* the Rolling Stone Defendants' position or predate the Supreme Court's decision in *New York Times v. Sullivan* establishing the actual malice requirement in public-figure defamation case, and therefore have no bearing on actual malice jurisprudence. *See* ECF No. 31 (Reply by Huffington Post Defendants) at 14-15 (collecting cases). Moreover, despite Arpaio's three pages of argument concerning the relevance of the Rolling Stone Defendants' correction – which he falsely alleged did not exist in the first place, *see* Compl. ¶ 25 – that correction only serves to underscore the *lack* of actual malice; it does not provide affirmative evidence for Arpaio to satisfy his heavy burden of pleading and proving the existence of actual malice. *See, e.g., Lohrenz,* 223 F. Supp. 2d at 56 ("there is no duty to retract or correct a publication"); *Fairbanks v. Roller*, 314 F. Supp. 3d at 93 (failure to correct statement "does not show that [defendant] had actual malice when she published it").

    **2.**    **The Reference to Plaintiff as an "Ex-Felon" Is Substantially True**

Arpaio's response to the Rolling Stone Defendants' substantial truth argument consists largely of insisting that the Court already ruled to the contrary in *Arpaio I* – notwithstanding that the entire *raison d'être* of this new action is an attempt to "reopen" *Arpaio I*, in violation of the principles of *res judicata*. As the Rolling Stone Defendants stated in their motion, they have made a substantial truth argument again here in order to preserve it for the record if the Court were to reach the merits of Arpaio's new complaint notwithstanding the bar of *res judicata*. *See* Mot. at 1 n.2. Arpaio does not otherwise respond substantively to the Rolling Stone Defendants' cases or legal argument, which demonstrate the phrase "ex-felon" is substantially true given the facts of Arpaio's criminal contempt conviction.

7

Finally, on February 27, Arpaio filed a "Notice of Supplemental Authority" attaching a decision of the Ninth Circuit, affirming denial of Arpaio's motion to vacate the verdict finding him guilty of criminal contempt as a result of his presidential pardon. Arpaio claims this decision "supports the denial of Defendants' motions to dismiss," but he does not explain how or why that would be the case. To the contrary, the Ninth Circuit *affirmed* the decision cited in the Rolling Stone Defendants' motion, confirming that Arpaio's pardon does not expunge the fact that he was found guilty of criminal contempt. *See* Mot. at 13 n.8. If anything, the language quoted by Arpaio only underscores that the technicalities of Arpaio's legal status vary from the "colloquial" way that status is understood – which further supports the Rolling Stone Defendants' argument that the phrase "ex-felon" is a substantially true term for someone who was found guilty of and then pardoned for a federal crime of indeterminate classification under the federal statute.

### 3. Plaintiff's Tag-Along Claims Cannot Survive

Finally, Arpaio offers no basis for maintaining his tag-along tort claims where his defamation claims are constitutionally barred. This Court held in *Arpaio I* that the "First Amendment considerations governing the dismissal of Mr. Arpaio's defamation claims also require the dismissal of his tortious interference and false light claims," since he "cannot use related causes of action stemming from the same allegedly defamatory communications to circumvent the constitutional requirements of a defamation claim." *Arpaio I* Opinion at 12 (citing *Farah v. Esquire Magazine*, 736 F.3d 528, 540 (D.C. Cir. 2013)). The same reasoning applies in this second action, requiring dismissal of these claims once again.

## III. CONCLUSION

For the reasons set forth above, the Rolling Stone Defendants respectfully request that the Court dismiss Plaintiff's complaint with prejudice.

Dated: March 3, 2020                Respectfully submitted,

/s/ Alison Schary
Alison Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Telephone:   (202) 973-4248
Facsimile:   (202) 973-4499
Email:       alisonschary@dwt.com

Elizabeth A. McNamara (*pro hac vice* pending)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone:   (212) 489-8230
Facsimile:   (212) 489-8340
Email:       lizmcnamara@dwt.com

*Counsel for Defendants Rolling Stone LLC and Tessa Stuart*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2020, I caused a true and correct copy of the foregoing to be served via CM/ECF on all counsel of record.

/s/ Alison Schary
Alison Schary
