# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MICHAEL ARPAIO, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:19-cv-03366-RCL |
| KEVIN ROBILLARD | * |
| and | * |
| HUFFINGTON POST | * |
| and | * |
| TESSA STUART | * |
| and | * |
| ROLLING STONE | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPLY IN SUPPORT OF THE HUFFPOST DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11

Defendants TheHuffingtonPost.com, Inc. ("HuffPost" erroneously sued as "Huffington Post") and Kevin Robillard (collectively, the "HuffPost Defendants") respectfully submit this reply memorandum in support of their Motion for Sanctions pursuant to the Federal Rules of Civil Procedure, Rule 11.

Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth H. Baldridge (Admitted *Pro Hac Vice*)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800

1

Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com


Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants*
*TheHuffingtonPost.com, Inc. and Kevin Robillard*

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................. 6

ARGUMENT ..................................................................................................................... 7

I.   ARPAIO'S RE-FILED CLAIMS PRESENT A TEXTBOOK CASE FOR
     APPLICATION OF RULE 11 SANCTIONS ............................................................ 7

     A.   *Res Judicata* and Issue Preclusion Bar Arpaio's Re-Filed Claims Such
          that No Good-Faith Purpose Could Exist for His Second Lawsuit
          Against the HuffPost Defendants ...................................................................... 7

          1.   *Res Judicata* and Issue Preclusion Squarely Apply to Arpaio's
               Claims in this Action .............................................................................. 7

          2.   Arpaio Fully and Fairly Litigated His Claims in *Arpaio I* for
               *Res Judicata* and Issue Preclusion Purposes .......................................... 11

     B.   Arpaio's Arguments About the Viability of His Claims Are Irrelevant
          Because of the Clear Application of *Res Judicata* and Issue Preclusion .......... 12

II.  THE HUFFPOST DEFENDANTS FILED THEIR MOTION FOR SANCTIONS
     FOR A PROPER AND LEGITIMATE PURPOSE .................................................... 13

CONCLUSION .................................................................................................................. 13

CERTIFICATE OF SERVICE ........................................................................................... 15

# **TABLE OF AUTHORITIES**

Page(s)

CASES

*Apotex, Inc. v. Food & Drug Admin.*,
    393 F.3d 210 (D.C. Cir. 2004) ................................................................................... 7, 8

*Bethesda Lutheran Homes & Servs., Inc. v. Born*,
    238 F.3d 853 (7th Cir. 2001) ......................................................................................... 11

*Carr v. Barr*,
    No. 19-5077, 2019 WL 5394634 (D.C. Cir. Oct. 3, 2019) ............................................ 11

*Carr v. Sessions*,
    No. CV 18-356 (RC), 2019 WL 917651 (D.D.C. Feb. 25, 2019) ................................. 11

*Federated Dep't Stores, Inc. v. Moitie*,
    452 U.S. 394 (1981) ...................................................................................................... 11

*Haase v. Sessions*,
    835 F.2d 902 (D.C. Cir. 1987) ...................................................................................... 11

*Martin v. Dep't of Justice*,
    488 F.3d 446 (D.C. Cir. 2007) ........................................................................................ 8

*McLaughlin v. Bradlee*,
    602 F. Supp. 1412 (D.D.C. 1985) ....................................................................... 9, 10, 12

*Mervin v. F.T.C.*,
    591 F.2d 821 (D.C. Cir. 1978) ...................................................................................... 11

*Montgomery v. Risen*,
    197 F. Supp. 3d 219 (D.D.C. 2016) ................................................................................ 8

*Morgan v. United States Parole Comm'n*,
    304 F. Supp. 3d 240 (D.D.C. 2016) ................................................................................ 8

*Owens v. Kaiser Foundation Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) .......................................................................................... 8

*Patterson v. Aiken*,
    841 F.2d 386 (11th Cir. 1988) ...................................................................................... 10

*Reynolds v. U.S. Capitol Police Bd.*,
    357 F. Supp. 2d 19 (D.D.C. 2004) ............................................................................ 9, 10

*Smalls v. U.S.*,
    471 F.3d 186 (D.C. Cir. 2006) ........................................................................................ 7

*Tembec Inc. v. U.S.*,
    570 F. Supp. 2d 137 (D.D.C. 2008) ................................................................................ 7

*U.S. ex rel Folliard v. Synnex Corp.*,
    798 F. Supp. 2d 66 (D.D.C. 2011) .................................................................................. 8

*Welk v. GMAC Mortg., LLC*,
    720 F.3d 736 (8th Cir. 2013) ...................................................................................10

*Westmoreland v. CBS, Inc.*,
    770 F.2d 1168 (D.C. Cir. 1985) ..................................................................................6

## FEDERAL RULES

Federal Rules of Civil Procedure, Rule 11 ..................................................................7, 9, 10, 13

Federal Rules of Civil Procedure, Rule 12(b)(6) ............................................................7, 11, 12

Federal Rules of Appellate Procedure, Rule 3(a) ....................................................................12

## INTRODUCTION

By re-filing claims in open defiance of this Court's prior order in *Arpaio I*, Arpaio and his counsel have taken a procedurally untenable path warranting sanctions.  The Court's order dismissing Arpaio's claims in *Arpaio I* was clear: it dismissed *Arpaio I **without*** leave to amend and ***with*** prejudice and, therefore, did not leave the door open for any future claims based on the same nucleus of facts.  But Arpaio decided to take his own opportunity to impermissibly re-file, violating this Court's order as well as the doctrines of *res judicata* and issue preclusion.

There is no doubt that Arpaio was given a full and fair opportunity to litigate his claims in *Arpaio I*, and he lost.  He therefore could not have had a good-faith basis for re-filing those claims.  As a result, Arpaio and his counsel should be sanctioned for their clear violations of this Court's order and final judgment in *Arpaio I* and of the basic tenents of civil procedure.  Arpaio's tactics have cost the parties and the Court time and resources, and sanctions must be ordered to reinforce the finality of the Court's orders.  When "warranted by groundless or abusive practices[,]" a court "***shall*** impose" sanctions.  *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985) (emphasis added).  Here, Arpaio cites no authority *in the history of American jurisprudence* supporting his tactical move of filing an entirely new complaint based on the same facts asserted in an action previously dismissed with prejudice and without leave to amend.  Accordingly, the Court must sanction Arpaio to deter future litigation abuse.

# ARGUMENT

I. **ARPAIO'S RE-FILED CLAIMS PRESENT A TEXTBOOK CASE FOR APPLICATION OF RULE 11 SANCTIONS.**

    A. ***Res Judicata* and Issue Preclusion Bar Arpaio's Re-Filed Claims Such that No Good-Faith Purpose Could Exist for His Second Lawsuit Against the HuffPost Defendants.**

        1. ***Res Judicata* and Issue Preclusion Squarely Apply to Arpaio's Claims in this Action.**

It is impossible for Arpaio to have had a good-faith basis for filing this second action after the dismissal of *Arpaio I*. The doctrines of *res judicata* and issue preclusion are tailor-made for application in these circumstances, and Arpaio cites no support for his novel theory that the Court's dismissal of *Arpaio I* somehow left a door open for him to re-file claims in violation of the Court's final judgment with prejudice. *See* Opp. at 4. Indeed, as Arpaio himself admits, Arpaio's counsel asked, but was denied permission to amend his original complaint by this Court and, therefore, confirms Arpaio's defiance of the Court's direct order. *Id*. at 3.

*Res judicata* prevents a party from reasserting claims based on the same nucleus of facts and theories previously dismissed with prejudice—and for good reason. *See Smalls v. U.S.*, 471 F.3d 186, 193 (D.C. Cir. 2006) (affirming Rule 12(b)(6) dismissal and denial of reconsideration where "[i]n accordance with the doctrine of *res judicata*, the record shows that both the [] lawsuits arise from the same underlying transaction"). *Res judicata* "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate[,] protect[s] their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Tembec Inc. v. U.S.*, 570 F. Supp. 2d 137, 140 (D.D.C. 2008). The doctrine applies where there is: (1) a judgment on the merits in a prior suit; (2) involving the same parties; and (3) based on the same nucleus of facts. *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217

(D.C. Cir. 2004). When these factors are present, the duplicative case "*must* be dismissed under Rule 12(b)(6)." *Morgan v. United States Parole Comm'n*, 304 F. Supp. 3d 240, 251 (D.D.C. 2016) (emphasis added).

The doctrine of issue preclusion similarly protects parties from unfairly having to relitigate issues, barring claims where: "(1) the same issue now being raised [was] contested by the parties and submitted for judicial determination in the prior case; (2) the issue [was] actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3) preclusion in the second case [does] not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007).

The applicability of both of these doctrines to Arpaio's re-filed claims is undeniable. For purposes of *res judicata*, there was a judgment on the merits in *Arpaio I*, the HuffPost Defendants are the same parties Arpaio sued in that action, and Arpaio bases his causes of action on the *same* allegedly defamatory line from the *same* article as in *Arpaio I*. *See* Compl. ¶ 19. Arpaio's own Opposition concedes that *res judicata* bars "litigation in a subsequent action of claims that could have been asserted in a prior action." Opp. at 4-5; *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). But Arpaio provides no authority for why he could not have asserted all of his claims in the present action in *Arpaio I*.[1] *See also U.S. ex rel Folliard v. Synnex Corp.*, 798 F. Supp. 2d 66, 77-78 (D.D.C. 2011) (where a plaintiff attempts to

---

[1] In any event, Arpaio asserts no substantively "new" claims in the present action that were not included in *Arpaio I*. In *Arpaio I* he asserted claims for defamation per se, tortious interference with prospective business relations and false light. *Arpaio I*, ECF No. 1. In *Arpaio II*, he asserts claims for defamation per se, general defamation, defamation by implication, tortious interference with prospective business relations and false light, all based on the same line in the same HuffPost Article against the same HuffPost Defendants as in *Arpaio I*. *Arpaio II*, ECF No. 1. There are no new claims. *See Montgomery v. Risen*, 197 F. Supp. 3d 219, 266 (D.D.C. 2016) (treating defamation by implication, general defamation, and defamation per se simply as "defamation").

assert new causes of action in a second lawsuit based on the same nucleus of facts previously asserted and decided, "he fundamentally misunderstands how the doctrine of *res judicata* functions").

For purposes of issue preclusion, the issues decided in *Arpaio I* are repeated again in this action—*i.e.*, whether the allegedly actionable line from the HuffPost Article can give rise to defamation, false light and/or tortious interference claims. *Compare Arpaio I* Compl. ¶¶ 35-56 *with Arpaio II* Compl. ¶¶ 54-95.

Arpaio's second-filed action violates these basic principles of federal civil procedure, and courts have routinely imposed sanctions in similar scenarios. *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1419 (D.D.C. 1985), and *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 21 (D.D.C. 2004), are directly on point, and Arpaio's attempt to distinguish them fails. *See* Opp. at 6-7.

For example, in *McLaughlin*, though the sanctioned party made one more unpermitted attempt to re-advance claims than Arpaio has here, the court did not condition its imposition of sanctions on the number of times the party had filed its claims. Instead, the court's justification for awarding sanctions was based on the rule that "[i]t is especially appropriate to impose sanctions in situations where the doctrines of *res judicata* and collateral estoppel plainly preclude relitigation of the suit." 602 F. Supp. at 1417. The *McLaughlin* court's reasoning also underscores why the availability of sanctions here is critical: "[t]he imposition of sanctions is one of the ***few options available*** to a court to deter and punish people who relitigate cases hopelessly foreclosed." *Id.* (emphasis added).

In *Reynolds*, 357 F. Supp. 2d at 21, the court imposed Rule 11 sanctions for "repeated and vexatious efforts to pursue allegations" after the sanctioned party re-filed claims following a

failed motion for reconsideration and while an appeal was still pending. Arpaio incorrectly tries to distinguish *Reynolds* on the basis that sanctions should not be awarded here because Arpaio did not file a motion for reconsideration or appeal *Arpaio I* before filing this second complaint. In his Opposition to the HuffPost Defendants' Motion to Dismiss, Arpaio openly admits that he rejected the procedurally proper avenues of filing a motion for reconsideration or filing an appeal in favor of defying this Court's order by filing a wholly new, substantively identical action. *See* Opp. to Mot. to Dismiss at 3, ECF No. 27. The fact that the sanctioned party in *Reynolds* took advantage of these other procedurally appropriate challenges before ultimately re-filing claims without permission, does not negate the fact that Arpaio's tactic here is procedurally unsupportable. Indeed, Arpaio's open rejection of the procedurally proper avenues of challenging the Court's order in *Arpaio I* makes his conduct even more reprehensible than that of the sanctioned party in *Reynolds*.

Arpaio also makes no effort to address the cases from around the country that the HuffPost Defendants cite as following the reasoning in *McLaughlin* and *Reynolds*. *See Welk v. GMAC Mortg., LLC*, 720 F.3d 736, 738 (8th Cir. 2013) (affirming district court's *sua sponte* imposition of sanctions where plaintiff reasserted issues previously decided); *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (imposing Rule 11 sanctions where "the complaint [w]as a 're-hash' of claims made in prior litigation"); *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 859 (7th Cir. 2001) (imposing Rule 11 sanctions "because[] whatever the possible merit of the suit, it should have been obvious to any lawyer that relief was barred on multiple grounds, including res judicata . . . So clear is this that we think it was unreasonable for the district court to deny relief under Rule 11"). There is a large and compelling body of case law

imposing sanctions where a party blatantly violates principles of *res judicata* and issue preclusion, and Arpaio provides no convincing support to the contrary.

Here, the Court's clear order denying leave to amend in *Arpaio I* makes Arpaio's filing of this second case indefensible. Arpaio's Opposition to the HuffPost Defendants' Motion to Dismiss admits that he asked in open court for leave to amend and the Court denied that request in its final judgment. Opp. to Mot. to Dismiss at 2-3. Arpaio cannot unilaterally *take* a second chance to assert his claims; otherwise, there would be no finality of orders coming from this Court. Moreover, sanctions must be awarded because simply dismissing *Arpaio II* based on Arpaio's procedural violations does not do enough to remedy the damage and expense unfairly caused to the HuffPost Defendants, and does not sufficiently deter the open defiance of the Court's order in *Arpaio I*.

### 2. Arpaio Fully and Fairly Litigated His Claims in *Arpaio I* for *Res Judicata* and Issue Preclusion Purposes.

Arpaio had a full and fair opportunity to litigate his claims in *Arpaio I*. It is indisputable that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for *res judicata* purposes. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also Carr v. Sessions*, No. CV 18-356 (RC), 2019 WL 917651, at *4 (D.D.C. Feb. 25, 2019) ("it is well-established that dismissal with prejudice pursuant to a 12(b)(6) motion constitutes a final judgment" for *res judicata*), *aff'd sub nom. Carr v. Barr*, No. 19-5077, 2019 WL 5394634 (D.C. Cir. Oct. 3, 2019), *cert. denied*, No. 19-818 2020 WL 871784 (Feb. 24, 2020); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (dismissal pursuant to Rule 12(b)(6) "presents a ruling on the merits with res judicata effect"); *Mervin v. F.T.C.*, 591 F.2d 821, 831 (D.C. Cir. 1978) (Rule 12(b)(6) dismissal "is an adjudication on the merits having full [r]es judicata effect").

These cases make clear that *res judicata* still applies when claims are dismissed on a Rule 12 motion, before discovery and trial. There can be no debate that *Arpaio I* constituted a full and fair opportunity to litigate Arpaio's claims, which he re-asserts in this action. The black-letter law contradicts Arpaio's arguments, which he does not support with any authority, and further illustrates that Arpaio could not have had a good-faith basis for re-filing his claims here in defiance of the Court's order in *Arpaio I*.

### B. Arpaio's Arguments About the Viability of His Claims Are Irrelevant Because of the Clear Application of *Res Judicata* and Issue Preclusion.

Arpaio's discussion about the "evolving area of law concerning pleading actual malice" does not support Arpaio's contention that he had a good faith purpose for filing his new suit. *See* Opp. at 2. When a party re-files a claim that has already been dismissed with prejudice and without leave to amend, the party necessarily does so without justification and in bad faith. *See McLaughlin*, 602 F. Supp. at 1417. Even though Arpaio's re-asserted claims are meritless as discussed at length in the HuffPost Defendants' Motion to Dismiss and Reply in support, ECF Nos. 5, 31, the alleged merits of Arpaio's re-filed complaint are **irrelevant**. Arpaio lost the opportunity to re-plead his claims asserted in *Arpaio I*, irrespective of the strength of those claims. By taking this procedurally unsupportable route of re-filing, Arpaio also lost the opportunity to appeal *Arpaio I*, which would have been the proper route if he believed the court erred. *See* Fed. R. App. P. 3(a).

By asserting an argument on the merits of his claims within a discussion about whether his violation of civil procedure is sanctionable—which it is—Arpaio continues to demonstrate his view that the rules do not apply to him. Arpaio wrongly contends that because he subjectively believes his claims are meritorious, despite the Court's holding to the contrary in *Arpaio I*, Arpaio should be allowed to violate this Court's order and fundamental rules of federal

civil procedure that he sees as standing in his way. *See* Opp. at 2, 4. Our judicial system cannot operate in this manner. The Court should order monetary sanctions against Arpaio and his counsel to deter such defiance.

**II.     THE HUFFPOST DEFENDANTS FILED THEIR MOTION FOR SANCTIONS FOR A PROPER AND LEGITIMATE PURPOSE.**

The Court in *Arpaio I* issued a clear and direct order, which it reduced to a final judgment in the case. *See Arpaio I* Order; Final Judgment, ECF Nos. 55, 56. Like every litigant must do, the HuffPost Defendants relied on the finality of the Court's order. When Arpaio violated the finality of that order by filing a wholly new complaint based on the exact same line in the same article at issue in *Arpaio I*, the HuffPost Defendants first brought this violation to Arpaio's attention before filing a request for sanctions with this Court. *See* Mot. for Sanctions, Declaration of Elizabeth Baldridge ("Baldridge Decl.") ¶¶ 2-4. The HuffPost Defendants complied with Rule 11 by providing more than twenty-one days for Arpaio to consider the HuffPost Defendants' arguments in favor of imposing sanctions for Arpaio's procedural violation, and he still chose to ignore the clear impropriety of his tactics and proceed with this second action. Following the expiration of that safe harbor period, the HuffPost Defendants proceeded with their Motion for Sanctions.

As such, the HuffPost Defendants' Motion for Sanctions was filed for a proper and legitimate purpose, in full compliance with the Federal Rules of Civil Procedure. Arpaio has not provided any factual support that the HuffPost Defendants filed this Motion for Sanctions for any other purpose.

## **CONCLUSION**

For the foregoing reasons, Arpaio and his counsel should be sanctioned for their conduct in filing a second action based on the same nucleus of facts previously dismissed in *Arpaio I*. The

13

filing of this second lawsuit violates basic tenants of civil procedure, including *res judicata* and issue preclusion.  The Court should impose sanctions to compensate the litigants for the unfair time and expense of re-litigating these unmeritorious claims, and as a deterrent to similar future behavior by Arpaio and his counsel.

Dated:  March 12, 2020                    Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (Admitted *Pro Hac Vice*)
William T. Um (Admitted *Pro Hac Vice*)
Elizabeth H. Baldridge (Admitted *Pro Hac Vice*)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com


Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants*
*TheHuffingtonPost.com, Inc. and Kevin Robillard*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2020, a copy of the foregoing Reply in Support of the HuffPost Defendants' Motion for Sanctions Pursuant to F.R.C.P. 11 was electronically filed through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Larry E. Klayman
**FREEDOM WATCH, INC..**
202 Pennsylvania Avenue, NW
Suite 345
Washington, DC 20006
Telephone: (561) 558-5336
leklayman@gmail.com

*Attorneys for Plaintiff Joseph Michael Arpaio*

Alison Schary
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Telephone: (202) 973-4248
Facsimile: (202) 973-4499
alisonschary@dwt.com

Elizabeth A. McNamara
Rachel F. Strom
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Telephone: (212) 489-8230

*Attorneys for Defendants*
*Tessa Stuart & Rolling Stone*

/s/ Elizabeth Baldridge
Elizabeth Baldridge

**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
ebaldridge@jassyvick.com

*Attorneys for Defendants*
*TheHuffingtonPost.com, Inc. and Kevin Robillard*
