## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

JOSEPH MICHAEL ARPAIO

               Plaintiff,

v.

KEVIN ROBILLARD et al

               Defendants.

Case No.: 1:19-cv-03366-RCL

### PLAINTIFF ARPAIO'S MOTION FOR RECONSIDERATION

Plaintiff Joseph Arpaio ("Plaintiff Arpaio") hereby moves for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)  and as grounds therefore would show:

1.     The Court's order and memorandum opinion of April 29, 2020 is in serious error with regard its characterization of the previously filed lawsuit, *Arpaio v. Zucker*, 18-cv-2894 (D.D.C) ("*Arpaio I*") wherein the Court wrote at page 1, "[t]he Court granted defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) because plaintiff did not allege any facts of actual malice." To the contrary, here is what was alleged in the *Arpaio I* Complaint:

> Defendants made and published false and defamatory statements concerning Plaintiff Arpaio by calling, representing and publishing within this district, the nation and the world, with malice, that Plaintiff Arpaio had been convicted of a felony. Comp. ¶ 36.

> Defendants acted with actual malice insofar as they knew that the statements made against Plaintiff Arpaio were false and/or recklessly disregarded their falsity. Comp. ¶ 40.

2.     Even more important is the uncontroverted fact that at oral argument, counsel for Plaintiff Arpaio, Larry Klayman ("Mr. Klayman") asked court to grant leave to amend to add

any additional facts which the court may have required with regard to actual malice, if it so found in ruling on Defendants motion to dismiss. Mr. Klayman did not concede that insufficient facts had been pled and in fact argued, as shown, above, to the contrary.   Specifically, Mr. Klayman stated:

> So, consequently, it is relevant. It is a factor to consider actual malice. In this case, on the facts, he clearly is not a felon. They had reason to know he is not a felon. They had reason to know he didn't go to prison. They had reason to know what else we allege. We have said that specifically in the complaint. But if Your Honor does not feel it is specific enough, I will move to amend it with your leave in that regard. <u>Exhibit 1</u>.[1]

However, this was ignored this  in the Court's order dismissing *Arpaio I*, and dismissed ir with prejudice. This was wholly improper under the circumstances. At worst, the case could have been dismissed without prejudice.

3.      In the course of responding to Defendants' Motion to Dismiss in this instant case, case ("*Arpaio II*"), this court again erred, showing its desire to get rid of Arpaio's claims by whatever means,  ignoring Plaintiff Arpaio's alternative request to vacate the prior dismissal order in the first case and to properly allow Plaintiff Arpaio to amend with greater specificity, to avoid statute of limitations issues. Specifically, counsel for Plaintiff Arpaio wrote, "[t]his Court, one of the few in the nation who has the will to enforce the law as written, without regard to political bias and politics, must now put its foot down and either deny the Defendants' non-meritorious motions to dismiss, or reopen the prior case and allow for the complaint to be amended and the case then proceed to discovery." ECF No. 27 at 31.

Ignoring this reasonable request in dismissing *Arpaio II*, the Court notes in a "heads I

---

[1] Obviously, these leftist media Defendants, who covered Plaintiff Arpaio like a "wet blanket," since he is a foil to try to harm President Trump and disparage his immigration policies, knew the score; namely that the sheriff is not a convicted felon. This simply is why actual malice was properly pled. It does not take a rocket scientist to understand this.

win, tails you lose" analysis, that Plaintiff Arpaio is now out of luck because the statute of limitations has run on defamation.

Furthermore, in its order granting dismissal in *Arpaio II*, in footnote 2, the Court also notes that Plaintiff Arpaio never moved for leave to amend. This is because Plaintiff Arpaio never conceded that the Complaint was not pled with enough specificity. However, if the Court was going to make such a drastic ruling as to dismiss Plaintiff Arpaio's claims with prejudice (thereby allowing the statute of limitaions to run), then Plaintiff Apraio's counsel made it clear at oral argument that leave to amend clearly should have been granted.

4.     The Court is aware that Mr. Klayman respects this Court and is thankful for rulings in other cases in the past which hold those who violate the law accountable, but must now be candid with this Court, as it appears to have made a politicized decision, little better than some other judges in this courthouse. This is very disappointing, especially since Plaintiff's counsel has always commended this Court, publically and otherwise, as being one of the few politically uncompromised judges on the federal bench.  But, what this Court did was not consistent with its past history and it was not up to the Court to arrogate upon itself a non-existent right  to dismiss with prejudice.    To deny Plaintiff Arpaio his due process rights, extinguishing the right of Plaintiff Arpaio to have his day in court, was simply wrong.

In this regard, Plaintiff Arpaio and his counsel were hopeful that this Court would correct this error, intentional or otherwise, and thus they chose not to take an appeal in the first case, since any appeal would significantly delay Plaintiff's right to be heard on the malicious defamation of the Defendants by a jury of his peers. Indeed, another court recently allowed a defamation lawsuit to proceed at least to discovery and in ruling that  actual malice had been properly pled when the defendants had published and then defamed the plaintiff as a felon, when he was only convicted of a misdemeanor. *Blankenship v. Napolitano at al*, 2:19-cv-00236 (S.D.

Va.) While this other jurist ruled properly, this Court has conjured up factually and legally unsupportable excuses to deny Plaintiff Arpaio his due process rights.

Since the two cases have already dragged on for far too long, since December 2018, over about one and one half years ago, and as Plaintiff Arpaio will be turning 88 years old in June, an appeal of the first dismissal was not pursued given that the additional delay inherent in going through an appellate process which, even if successful, would delay justice further.  Plaintiff Arpaio deserves justice when he is alive, not when he is dead.

In short, while this Court has on occasion been critical of Plaintiff's counsel in the past, the shoe must candidly now  be worn on the other foot. Plaintiff and his counsel thus respectfully request that this injustice be expeditiously corrected, as this Court has seriously erred in denying due process to Plaintiff Arpaio, for whatever apparently improper reason.

Counsel for Defendants have been contacted asking for their consent, and they have not replied substantively. If they do, the Court will be so notified.


DATED: April 30, 2020                    Respectfully submitted,

                                         /s/ Larry Klayman
                                         Larry Klayman, Esq.
                                         Klayman Law Group P.A.
                                         2020 Pennsylvania Ave NW Suite 345
                                         Washington, DC, 20006
                                         Email: leklayman@gmail.com
                                         Tel: 561-558-5338
                                         *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Larry Klayman, counsel for Plaintiffs hereby certify that on this day, April 30, 2020 a copy of the foregoing was filed via this Court's ECF system and served upon all parties and/or counsel of record.

/s/ Larry Klayman
Larry Klayman